IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD JACKSON,                )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:16CV390
                                )
PORTFOLIO RECOVERY ASSOCIATES,  )
LLC; SESSOMS & ROGERS, P.A.,    )
                                )
          Defendants.           )

**ORDER**

This case is before the court on the motion of Defendants Portfolio Recovery Associates, LLC, a debt collection agency, and Sessoms & Rogers, P.A., a law firm, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. (Doc. 8.) Plaintiff has been served with the motion and brief, and the Clerk of Court has warned Plaintiff of his right to respond as well as the fact that the court will otherwise entertain the motion as unopposed. (Doc. 10.) Plaintiff has elected not to file any response.

By Local Rule, the court may treat any motion lacking a timely response as an uncontested motion, which the court may grant without further notice. M.D.N.C. LR 7.3(k) (providing that "[t]he failure to file a brief or response within the time specified in

this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). The Fourth Circuit has directed, however, that the court evaluate the propriety of granting a motion to dismiss regardless of whether the plaintiff opposed such dismissal. See Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (explaining that, "[e]ven though [the plaintiffs] did not challenge the motions to dismiss, . . . the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper"); accord Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested. Rather, a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient."). And, of course, the court always has the obligation to assure itself of its subject matter jurisdiction.

Plaintiff's complaint, liberally construed, alleges that Defendants unsuccessfully attempted to serve Mary Devan, Plaintiff's mother, who is now deceased, with a lawsuit to collect a debt at Plaintiff's address in Clemmons, North Carolina.

2

According to Plaintiff, his mother lived in Virginia before her death. The complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; Chapter 58, Article 70 of the North Carolina General Statutes; and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. General Statute § 75-1.1. (Doc. 4.)

Even assuming the truth of the allegations, Plaintiff has failed to demonstrate that he has standing to raise any claim on behalf of his deceased mother. It is a fundamental precept that in order to invoke the jurisdiction of the federal courts, a plaintiff must meet the threshold requirement of Article III of the Constitution by alleging an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). In other words, a plaintiff must "'allege[] such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). This requires that a plaintiff demonstrate three things: an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; "a causal connection between the injury and the conduct complained of"; and redressability of the injury by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). In

3

assessing whether subject matter jurisdiction exists, the court may assume the complaint's facts to be true but conclude that they fail to state a claim upon which subject matter jurisdiction can be based. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).

Here, apart from failing to demonstrate how the complaint's allegations constitute a violation of any law, Plaintiff's complaint fails to allege any injury at all <u>to Plaintiff</u> for the alleged improper attempt to serve a summons and complaint in a collection action on his mother at Plaintiff's address. Moreover, Plaintiff has alleged no ground to conclude that he has standing to raise any claim on his mother's behalf. Consequently, the court concludes that Plaintiff has failed to allege a cognizable injury in fact that is likely to be redressed by a favorable decision. The court therefore lacks subject matter jurisdiction over the action.

For these reasons, therefore,

IT IS ORDERED that Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 8) will be GRANTED, and the action will be DISMISSED WITHOUT PREJUDICE.

                                              /s/   Thomas D. Schroeder
                                         United States District Judge

January 5, 2017